UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) MOTION FOR SUMMARY JUDGMENT (Dkt. #17, filed November 14, 2013)

(In Chambers:) ORDER RE: ORDER TO SHOW CAUSE (Dkt. #16, issued November 7, 2013)

## I.   INTRODUCTION

Plaintiff Tristram Buckley filed this action in Los Angeles County Superior Court on June 4, 2013, against defendants James Cracchiolo, Ken Ciak, Ameriprise Auto & Home Insurance Company ("Ameriprise"), Glenn Renwick, Costco Insurance Agency, Inc. ("Costco"), IDS Property Casualty Insurance Company, ("IDS"), Drive Insurance ("Drive"), and Does 1 through 10.[1]  Dkt. #1.  Plaintiff asserts claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of

---

[1] On November 7, 2013, this Court ordered plaintiff to show cause why this action should not be dismissed for lack of prosecution as to defendants Renwick and Drive. Dkt. #16.  The Court ordered plaintiff to respond no later than November 18, 2013, and stated that it would consider a proof of service of summons and complaint on Drive and Renwick on or before that date as a satisfactory response to the order to show cause.  Id. On November 18, 2013, plaintiff filed a declaration stating that he intended to serve these defendants in the third week of November.  Dkt. #19.  At oral argument, plaintiff stated that he would soon file a proof of service of the summons and complaint as to these defendants.  As of February 7, 2014, plaintiff has not done so.  Accordingly, this action is hereby DISMISSED for lack of prosecution as to those defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

the Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, et seq.[2]  Id. Defendants removed the action to this Court on June 25, 2013.  Id.

Defendants filed a motion for summary judgment as to all of plaintiff's claims on November 14, 2013.  Dkt. #17.  Plaintiff filed an opposition on December 11, 2013.  Dkt. #22.[3]  Defendants replied on December 16, 2103.  Dkt. #27.[4]  The Court held a hearing on January 27, 2014, and thereafter took the matter under submission.  Plaintiff subsequently filed two supplemental declarations.[5]  Dkt. #'s 33, 35.  After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

IDS is an insurance company authorized by the California Department of Insurance to underwrite policies issued to Californians,  Defendants' Statement of Undisputed Material Facts ("SUMF") ¶ 1, and Ameriprise and Costco are licensed insurance agencies that are appointed as agents for IDS to market and sell IDS insurance policies, id. ¶ 2.  Cracchiolo is the chairman of the Board of Directors of Ameriprise Financial, Inc., which

---

[2] Plaintiff states that he intends to file an amended complaint in this action.  Opp. Mot. Summ. J. 2; Buckley Decl. ¶ 2.  The Court notes that the deadline for seeking leave to file amended pleadings was December 13, 2013.  Dkt. #15.  To date, plaintiff has not sought leave to file an amended complaint.

[3] Plaintiff's opposition is 46 pages in length, excluding exhibits, the table of contents, and the table of authorities.  Plaintiff did not seek to leave to file an opposition that exceeds the 25-page limit set forth in Local Rule 11-6.  Plaintiff is admonished to comply with the Local Rules in the future.

[4] Defendants also filed evidentiary objections to certain exhibits produced by plaintiff.  Dkt. #28.  Those objections are OVERRULED as moot because the Court does not rely on those exhibits in ruling on this motion.

[5] While the Court considers these declarations in deciding this motion, plaintiff is admonished to refrain from supplementing previously filed motions without first seeking the Court's leave.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

is a publicly traded corporation that indirectly owns 100% of the common stock of IDS and Ameriprise. Id. ¶ 4. Ciak is the president of IDS. Id. ¶ 5.

This case arises from an insurance dispute over the coverage provided by two automobile insurance policies. The first policy, issued by IDS in 2010 as automobile insurance policy number AX00704225, provides coverage for a 1997 Ferrari and a 2004 Mercedes (the "2010 Policy"). The second policy, issued by Progressive in 2012, provided coverage against loss for plaintiff's 1997 Ferrari (the "2012 Policy"). The parties dispute the terms of these policies, and, with respect to the 2010 Policy, the parties dispute whether its terms are set forth in written documents or are embodied in an oral contract.

On March 17, 2011, plaintiff advised IDS that he had been involved in an accident while driving the 2004 Mercedes. Id. ¶ 18. An IDS claims handler advised plaintiff during the call that the 2010 Policy did not provide collision coverage for that vehicle. Id. ¶ 19.[6]

### A. The 2010 Policy

Defendants state that IDS markets insurance through Costco, and that plaintiff contacted an agent for IDS on January 5, 2010, through a 1-800 number provided to Costco members. SUMF ¶ 6. According to defendants, plaintiff requested a quote for insurance for two vehicles, a 2004 Mercedes and a 1997 Ferrari, and the IDS agent made contemporaneous notes of the call. Id. The request for a quote was referred to the IDS underwriting department due to the high value of the vehicles. Id. ¶ 7. Defendants assert that the application provided to the underwriter by the IDS agent stated that plaintiff was not seeking collision coverage for the vehicles. Id. Defendants provide evidence that an IDS agent contacted plaintiff on January 6, 2010, and provided plaintiff with a quote, which plaintiff accepted. Id. ¶ 8. Defendants assert that IDS mailed to plaintiff an initial

---

[6] Plaintiff does not appear to dispute that he notified IDS of the accident, but he disputes the description and cause of the accident provided by defendants in their SUMF. See Plaintiff's Statement of Genuine Disputes ("SGD") ¶ 18. The Court does not set forth the parties' contentions regarding the events leading to the accident because they are not relevant to the Court's decision of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

declarations page as well as a copy of the policy on January 11, 2010. Id. ¶ 9. Defendants provide evidence that they mailed a series of amended declarations and renewal declarations to plaintiff from January 11, 2010, through November 20, 2010. Id. ¶¶ 9-13. According to defendants, these documents show that plaintiff did not request collision coverage for either vehicle, and that he similarly did not request coverage for rental car-related expenses in the event that one of the vehicles became disabled. Id.

Plaintiff disputes defendants' factual assertions related to this policy. In particular, plaintiff states that he requested that collision coverage be included in the policy at the time that he spoke with the IDS agent. Buckley Decl. ¶¶ 16, 32-33, 35-36.[7] Additionally, plaintiff states that he does not recall receiving the policy and declarations referenced by defendants. Id. ¶ 3. Plaintiff states that he believed he was purchasing insurance from Costco and Ameriprise, and not IDS, id. ¶¶ 28-29, 31, and therefore may have discarded any mail identified as originating from IDS, id. ¶ 4. Plaintiff states that, after engaging in protracted negotiations with defendants, he received a letter from defendants' attorney on February 22, 2013, stating that defendants would not pay plaintiff's claim arising out of the damage incurred by the Mercedes. Id. ¶¶ 54-55.

**B. The 2012 Policy**

Defendants provide evidence that plaintiff obtained insurance coverage for the 1997 Ferrari on November 14, 2012, through Progressive West Insurance Company (the "2012 Policy"). Id. ¶ 17. According to defendants, this Policy provided collision and comprehensive coverage up to $20,000. Id. Defendants state that the Progressive Policy expired without the Ferrari suffering any compensable loss. Id.

Plaintiff states that he informed the Progressive representative at the time that he obtained the Progressive Policy that the Ferrari was valued at $60,000, and it was therefore an error for the Progressive Policy to provide $20,000 in coverage. Buckley

---

[7] All citations to the Buckley Declaration refer to the Second Corrected Buckley Declaration, located at Docket #26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

Decl. ¶ 6. According to defendants, plaintiff would have been charged a higher premium in order to obtain coverage exceeding $20,000. SUMF ¶ 17.[8]

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the

---

[8] Plaintiff's opposition papers also include evidence of alleged misconduct by various defendants that is unrelated to plaintiff's claims. Such evidence appears to be offered for the purpose of showing that defendants frequently engage in fraud and other misconduct, and therefore are more likely to have done so in the present case. The Court does not set forth this evidence here because it is not relevant to the Court's decision of the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

### A.   The 2010 Policy

Plaintiff asserts claims for breach of contract, bad faith denial of an insurance claim, and fraud arising from insurance coverage that he obtained from defendants in 2010 (the "2010 Policy"). Compl. ¶¶ 76-108. As an initial matter, the record does not contain evidence of any conduct by defendants Cracchiolo or Ciak. These defendants' status as officers of Ameriprise and IDS, respectively, does not, without more, make them liable for actions of their respective companies. See United States Liability Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 586, 595 (1970) ("Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position unless they participate in the wrong or authorize or direct that it be done."); id. ("Directors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they purport to bind themselves individually."). The Court therefore finds that summary judgment should be granted on these claims as to defendants Cracchiolo and Ciak.

The Court now addresses these claims with respect to defendants IDS, Ameriprise, and Costco. For the reasons set forth below, the Court concludes that summary judgment should be denied as to plaintiff's claims for breach of contract and bad faith as to these three defendants, and granted as to the fraud claim.

#### 1.   Breach of Contract

According to plaintiff, defendants breached an oral contract to provide collision coverage for the 2004 Mercedes and 1997 Ferrari, along with coverage for a temporary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

rental car for use in the event that one of the covered vehicles became disabled.[9] Compl. ¶¶ 101-08. Defendants argue that summary judgment should be granted as to this claim because the written policy mailed to plaintiff on January 11, 2010, as well as the associated declarations pages, state that the 2010 Policy does not include coverage for collision damage or for a rental car. Mot. Summ. J. 7-8; SUMF ¶ 9.

The Court finds this argument unpersuasive. As stated above, the gravamen of plaintiff's breach of contract claim is that he entered into an oral contract with defendants for insurance coverage, including collision and rental coverage. While oral contracts for insurance coverage are "unusual," they are valid and enforceable unless the Statute of Frauds applies. 2 Witkin, Summ. Cal. Law, Insurance § 30 (10th ed. 2005); see also Guipre v. Kurt Hitke & Co., 109 Cal. App. 2d 7, 13-14 (1952).[10] Here, plaintiff provides evidence that he requested collision coverage when he spoke to a representative after calling the 1-800 number provided to him by Costco, Buckley Decl. ¶ 32 ("The representative asked me what coverages I wanted and I told him I wanted full coverage, including collision . . . ."); id. ¶ 33 (stating that plaintiff also requested rental car coverage). Additionally, plaintiff states that the representative presented him with an offer of insurance, which included rental and collision coverage, and that plaintiff accepted that offer. Id. ¶¶ 35-36. This evidence is sufficient to create a genuine dispute of material fact as to whether plaintiff entered into an oral contract for insurance

---

[9] Plaintiff also refers in his opposition papers to a claim arising from defendants' alleged pretextual cancellation of the 2010 Policy after plaintiff filed a claim for compensation arising from the Mercedes collision. Opp. Mot. Summ. J. 11. However, plaintiff does not assert such a claim in the Complaint, and defendants do not directly address such a claim in their moving papers or their reply.

[10] The record does not demonstrate that the Statute of Frauds applies in the present case because there is no evidence that the contract's term extended definitively beyond one year. See Dutton Dredge Co. v. U.S. Fidelity & Guaranty Co., 136 Cal. App. 574, 579 (1934) (holding that an oral contract for insurance coverage was not within the statute of frauds because it could be terminated at any time by either party, and did not by its terms extend beyond one year).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

coverage.[11] Defendants' reference to written policy documents, and the insurance coverage set forth therein, is not responsive to plaintiff's assertion that an oral contract was formed.

Defendants alternatively argue that summary judgment should be granted on this claim as to all defendants except for IDS because plaintiff and IDS are the only parties to the written insurance policy produced by defendants.  Mot. Summ. J. 8.  This argument fails for two reasons.  First, as stated above, plaintiff provides evidence sufficient to create a genuine dispute of material fact as to whether he entered into an oral contract for insurance coverage that is independent of the written policy documents produced by defendants.  Second, plaintiff provides evidence that he called a telephone number advertised by Costco in order to obtain this insurance, and that the billing statements he received related to this Policy contained the Ameriprise, Costco, and IDS logos.  E.g., Pl. Exs. 2-4.  Based on this evidence, the Court concludes that the record is not sufficiently clear regarding the identities of the parties to the contract between plaintiff and defendants to support summary judgment as to Ameriprise and Costco.[12]

Additionally, at oral argument, counsel for defendants argued that Cal. Civil Code § 339 bars plaintiff's claim for breach of an oral contract because plaintiff learned that the Policy did not include collision coverage on March 17, 2011, more than two years prior to the filing of this action.  This argument fails because, as explained in Section IV(A)(2) below, plaintiff provides evidence that defendants did not definitively deny his claim until approximately four months before he filed this action.  Specifically, plaintiff states that he communicated with an Ameriprise representative "[s]ometime in the end of 2012 or the beginning of 2013", and the representative stated that he would "work to resolve the matter concerning the [p]laintiff's policy issues and would finally determine whether the [d]efendants would pay the collision claim."  Buckley Decl. ¶ 54.  While a claim for

---

[11] Additionally, while the terms of an oral contract for insurance typically merge into the terms of a written policy once such policy is delivered, see Hon. H. Walter Croskey, et al., Rutter Group–Cal. Practice Guide: Ins. Litig. 2:102, plaintiff disputes having taken delivery of a written policy, see Buckley Decl. ¶¶ 3-4.

[12] Similarly, the record is not sufficiently clear to rule out liability on the part of Ameriprise or Costco based on an agency relationship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

breach of an oral contract generally accrues at the time that the claimant "knows or should know the facts essential to the claim," Heighley v. J.C. Penney Life Ins. Co., 257 F. Supp. 2d 1241, 1257 (C.D. Cal. 2003), California courts generally recognize that this limitations period is subject to equitable tolling while the insurer investigates the claim, Forman v. Chicago Title Ins. Co., 32 Cal. App. 4th 998, 1002 (1995), or while the insured negotiates with the insurer about whether the loss will be covered, Prudential-LMI Com. Ins. v. Superior Court, 51 Cal. 3d 674, 693 (1990). The record currently before the Court is not sufficiently clear to distinguish between the date that defendants definitively denied plaintiff's claim, as opposed to when they were engaged in negotiations with him about whether the claim would ultimately be covered. Accordingly, the Court concludes at this juncture that a genuine dispute of material fact exists as to the date that the statute of limitations began to run on this claim.

        2.        Bad Faith Denial of Claim

In the insurance context, a claim for bad faith arises when an insurer unreasonably withholds a benefit due under an insurance policy. 2 Witkin, Summ Cal. Law, Insurance § 240 (10th ed. 2005); Morris v. Paul Revere Life Ins. Co., 109 Cal. App. 4th 966, 973 (2003). While a bad faith claim is generally limited to contract damages, 2 Witkin, Summ. Cal. Law Insurance § 241 (10th ed. 2005), such a claim may be asserted in tort when an insurer fails to resolve a claim filed by the insured, Jonathan Neil & Assocs. v. Jones, 33 Cal. 4th 917, 923 (2004); Hon. H. Walter Croskey, et al., Rutter Group–Cal. Practice Guide: Ins. Litig. 12:29. Here, plaintiff asserts a claim for bad faith arising out of defendants' refusal to provide benefits under the IDS Policy after the 2004 Mercedes was damaged in a collision.[13] Compl. ¶¶ 95-100; Buckley Decl. ¶ 55.

---

[13] Plaintiff does not state whether he is asserting this claim in contract or tort. This question is relevant in determining the statute of limitations applicable to this claim. However, as set forth below, plaintiff provides sufficient evidence to establish a genuine dispute of material fact as to whether this claim is timely under the limitations periods for both contract and tort claims. Accordingly, the uncertainty as to the basis for plaintiff's bad faith claim does not affect the Court's conclusion that summary judgment should be denied as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

  Defendants argue that summary judgment should be granted as to this claim for three reasons, none of which is availing.  First, defendants argue that, to the extent that plaintiff is asserting this claim in tort, it is barred by the statute of limitations.  Mot. Summ. J. 9.  According to defendants, the period of limitations for a bad faith claim sounding in tort is two years, and that the period begins to run when the claim is denied.  Id. (citing Campanelli v. Allstate Ins. Co., 85 F. Supp. 2d 980, 983 (C.D. Cal. 2000) (reversed on other grounds by Campanelli v. Allstate Life Ins. Co., 322 F.3d 1086 (9th Cir. 2003)).  Defendants contend that the claim was denied on March 17, 2011, when a representative of defendants first informed plaintiff that the 2010 Policy did not provide collision coverage, and that this date falls more than two years prior to the commencement of this action on June 4, 2013.  Id.  This argument fails because, as stated above, a genuine dispute of material of fact exists regarding when the claim was definitively denied, see Buckley Decl. ¶¶ 54-55, and when the period of limitations consequently began to run.  See, e.g., Heighley, 257 F. Supp. 2d at 1257 (finding that limitations period began to run when defendant insurance company unequivocally denied plaintiff's claim).

  Second, defendants argue that plaintiff cannot establish a claim for bad faith because no benefits were improperly denied under the policy, or, at a minimum, a "genuine dispute" existed as to whether the agreed-upon policy provided collision coverage.  Mot. Summ. J. 9-10.  This argument also fails because the gravamen of plaintiff's breach of contract claim is that he entered into an oral contract for insurance coverage with defendants, and that contract included collision and rental coverage.  Defendants' argument regarding what benefits were due under the written policy is therefore unavailing at this juncture because the parties dispute what the operative contract is in the first instance.

  Finally, defendants argue that summary judgment should be granted on this claim as to Ameriprise and Costco because they are not parties to the contract, and therefore cannot be liable for conduct arising out of the contractual relationship.  Mot. Summ. J. 11.  This argument lacks merit because, as stated in Section IV(A)(1) above, the Court concludes that a genuine dispute of material fact exists as to whether Ameriprise and Costco are parties to the 2010 Policy contract, or are liable on the contract based on an agency relationship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

      3.      Fraud

      The elements of a claim for fraud are: (1) a knowing misrepresentation, (2) made with an intent to induce reliance, (3) justifiable reliance, and (4) resulting damage. Small v. Fritz Companies, Inc., 30 Cal. 4th 167, 173 (2003). Plaintiff asserts a claim for fraud based on his contention that an agent of defendants represented to him that he had obtained collision and rental coverage in the 2010 Policy, that he relied on that representation, and suffered damage when his claim for compensation under the 2010 Policy was denied. Buckley Decl. ¶¶ 32-33, 35-36, 39-40. The Court finds that summary judgment should be granted in favor of defendants as to this claim because the claim is barred by the economic loss rule. "The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." Hon. H. Walter Croskey, et al., Rutter Group–Cal. Practice Guide: Ins. Litig. 11:22.5 (quoting Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 988 (2004)). Here, the harm allegedly suffered by plaintiff due to defendants' alleged misrepresentation that the 2010 Policy provided collision coverage is identical to the "disappointed expectations" that plaintiff allegedly suffered from defendants' refusal to provide collision coverage under the asserted oral insurance contract. That harm consists of the costs incurred as a result of the March 2011 collision. Plaintiff's fraud claim based on the 2010 Policy is therefore barred by the economic loss rule. See Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc., 868 F. Supp. 2d 983, 991 (E.D. Cal. 2012) ("Courts have applied the economic loss rule to bar fraud claims where 'the damages plaintiffs seek are the same economic losses arising from the alleged breach of contract.'").[14]

---

[14] Because the Court concludes that summary judgment should be granted on this claim based on the economic loss rule, the Court need not address defendant's arguments that this claim is time-barred, or that plaintiff has not provided evidence of justifiable reliance. Additionally, since the Court does not consider these arguments, plaintiff's supplemental declaration regarding his routine practice of disposing of "junk mail" from insurance companies, see dkt. #35, is irrelevant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

**B.     Claims Related to the 2012 Policy**

Plaintiff asserts claims for fraud and breach of contract arising out of the 2012 Policy.  In this regard, plaintiff contends that defendants committed breach of contract and fraud by providing coverage for the Ferrari in the amount of $20,000, rather than the $60,000 amount requested by plaintiff.  Compl. ¶¶ 114-18; Buckley Decl. ¶¶ 6-8.  Defendants respond that summary judgment should be granted as to these claims because plaintiff provides no evidence that plaintiff suffered damages from this disparity in coverage.  Mot. Summ. J. 15-16; Reply Mot. Summ. J. 6-7.

The Court agrees that summary judgment should be granted as to plaintiff's breach of contract claim due to a lack of evidence of damages.  Damages are an indispensable element of claims for breach of contract.  See, e.g., Bramalea Cal. v. Reliable Interiors, Inc., 119 Cal. App. 4th 468, 473 (2004) ("A breach of contract is not actionable without damage.").  Even accepting as true plaintiff's assertion that he informed the Progressive representative that the Ferrari was valued at $60,000, see Buckley Decl. ¶ 6, and thereby formed a contract for insurance coverage in the amount of $60,000, plaintiff suffered no damage as a result of this disparity in coverage because plaintiff provides no evidence that he made, or attempted to make, any claims under the 2012 Policy prior to its expiration.

The Court also finds that summary judgment should be granted as to plaintiff's fraud claim.  Plaintiff appears to argue that the Progressive representative misled him into believing that the Ferrari would be covered up to an amount of $60,000, and that plaintiff relied on that misrepresentation in deciding to purchase the insurance policy from Progressive, rather than from another insurance company.  SGD ¶ 17.  Based on this statement, it appears to the Court that plaintiff is arguing that he was fraudulently induced to purchase insurance coverage from Progressive based on Progressive's misrepresentation regarding the amount of insurance coverage on the Ferrari.  Defendants respond that plaintiff fails to provide evidence of damage from this alleged fraud because plaintiff would have been charged a higher premium to obtain $60,000 of coverage.

The Court finds this argument persuasive.  Plaintiff provides no evidence of other sources of insurance coverage available to him at the time that he purchased the 2012

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

Policy.[15] Additionally, he provides no evidence to dispute defendants' evidence that a policy that provided coverage in an amount greater than $19,000 would have resulted in plaintiff being charged a higher premium. SUMF ¶ 17; SGD ¶ 17. Thus, no genuine dispute of material fact exists as to whether plaintiff suffered damages because the record shows that he paid insurance premiums to defendants, and received coverage under the 2012 Policy corresponding to the premium amount that he paid. Plaintiff therefore received the "benefit of the bargain" in the form of insurance coverage up to a stated amount of $19,000, and suffered no "out of pocket" loss due to defendants' alleged failure to provide coverage up to an amount of $60,000. See Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1240 (1995) (" There are two measures of damages for fraud: out-of-pocket and benefit of the bargain.").

      C.      **Plaintiff's Claim Under the CLRA**

Plaintiff asserts a single claim for violation of the CLRA based on defendants' actions in marketing and providing the 2012 Policy and the 2010 Policy. Compl. ¶¶ 109-113. Defendants argue that summary judgment should be granted as to this claim because the CLRA does not apply to the sale of insurance. Mot. Summ. J. 14-15. The Court agrees. The CLRA proscribes certain "unfair methods of competition and unfair or deceptive acts or practices . . . which result[] in the sale or lease of goods or services." Cal. Civ. Code § 1770. The California courts have held that the CLRA is inapplicable to automobile insurance because "insurance is technically neither a 'good' nor a 'service' within the meaning of the [CLRA]." Berry v. Am. Exp. Publ'g, Inc., 147 Cal. App. 4th 224, 232-33 (2007) (quoting Civil Service Employees Ins. Co. v. Superior Court, 22 Cal. 3d 362, 376 (1978); see also Sanders v. Choice Mfg. Co., In., 2011 WL 6002639, at *6 (N.D. Cal. Nov. 30, 2011) ("The Court finds that the CLRA does not apply to actions brought in connection with the sale of insurance."); cf. Wilkinson v. S. City Ford, 2010

---

[15] Plaintiff submitted a supplemental declaration on January 27, 2014, in which he asserts that he is now receiving insurance coverage up to a stated amount of $75,000 in exchange for a premium that is substantially lower than the premium that he paid for the 2012 Policy. Dkt. #33 at 2-3. This evidence is irrelevant because it does not pertain to insurance policies available to plaintiff at the time that he purchased the 2012 Policy. Rather, at most, this evidence shows that plaintiff's current policy provides a better value than the 2012 Policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-4609-CAS(PJWx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | TRISTRAM BUCKLEY V. JAMES CRACCHIOLO, ET AL. | | |

WL 4292631, at *11 (Cal. Ct. App. Oct. 29, 2010) (finding that CLRA applies because the transaction at issue involved sale of a car, and not just sale of insurance).

Plaintiff argues in response that in <u>Fairbanks v. Superior Court</u>, 46 Cal. 4th 56 (2009), the California Supreme Court held only that the CLRA does not apply to life insurance, and did not address the applicability of the CLRA to other forms of insurance. Opp. Mot. Summ. J. 42-44. According to plaintiff, the applicability of the CLRA to other forms of insurance is therefore an open question. <u>Id.</u> While plaintiff is correct that the <u>Fairbanks</u> Court limited its holding in that fashion, <u>see</u> 46 Cal. 4th at 60 n.1, the recent decisions cited above demonstrate that the weight of authority supports the Court's conclusion that the CLRA does not apply to the sale of the insurance policies at issue in the present case. The Court therefore concludes that summary judgment is appropriate with respect to plaintiff's CLRA claim.

## V.     CONCLUSION

In accordance with the foregoing, defendants' motion for summary judgment is hereby DENIED with respect to plaintiff's first and second claims for relief against defendants Ameriprise, Costco, and IDS. Defendants' motion is otherwise GRANTED.

Additionally, this action is hereby DISMISSED for lack of prosecution as to defendants Renwick and Drive.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |